MICHIGAN CORN IMPROVEMENT ASS'N v. AUDITOR
GENERAL.

CONSTITUTIONAL LAW — PUBLIC FUNDS — APPROPRIATION TO PRIVATE PURPOSE.

Act No. 261, Pub. Acts 1907, appropriating State funds for the use of the "Michigan Corn Improvement Association," a voluntary unincorporated society the membership of which is limited to "persons actively interested in the improvement of corn and resident in the State of Michigan," is an attempt to devote public funds to a private purpose, and is unconstitutional.

Mandamus by the Michigan Corn Improvement Association to compel James B. Bradley, auditor general, to include an appropriation in a State tax levy. Submitted October 8, 1907. (Calendar No. 22,494.) Writ denied November 5, 1907.

*Fred A. Baker*, for relator.

*John E. Bird*, Attorney General, *Henry E. Chase*, Deputy Attorney General, and *Thomas Ambrose Lawler*, Assistant Attorney General, for respondent.

PER CURIAM. Act No. 261 of the Public Acts of 1907 provides:

"There is hereby appropriated for the use of the Michigan Corn Improvement Association in the prosecution of its work of creating a deeper interest in and a better knowledge of the culture and improvement of corn for each of the fiscal years ending June thirty, nineteen hundred eight, and June thirty, nineteen hundred nine, the sum of five hundred dollars, to be expended under the direction of the board of directors of said association in such way as in its judgment will most effectually attain the ends sought."

Respondent, the auditor general of Michigan, being ad-

vised by the attorney general that said act was unconstitutional, refused to include said appropriation in the State taxes to be levied in 1907, and relator instituted these mandamus proceedings to compel him to do so.

Relator is a voluntary unincorporated society. Its objects, as stated in its constitution, are:

" (1) To stimulate effort to improve the quality of the corn crop and increase the yield of both grain and fodder.

"(2) To develop better methods of culture and disseminate the knowledge of the same.

" (3) By meetings and discussions to arouse a deeper interest and develop a more thorough unity of effort in corn production.

" (4) To establish ideals for both ear and plant for the different varieties and breeds."

Its membership is limited to "persons *actively interested* in the improvement of corn and resident in the State of Michigan." There is held at its annual meeting a corn exhibit at which prizes are offered to its members, and to its members only, for the best exhibit of corn.

It is obvious from the foregoing statement that the only persons who will be directly benefited by the proposed appropriation are those "actively interested in the improvement of corn." The authority of the legislature to make such an appropriation was denied by Justice COOLEY in his opinion in *People* v. *Township Board of Salem*, 20 Mich. 452. He said:

"But the discrimination by the State between different classes of occupations, and the favoring of one at the expense of the rest, whether that one be farming or banking, merchandising or milling, printing or railroading, is not legitimate legislation, and is an invasion of that equality of right and privilege which is a maxim in State government. When the door is once opened to it, there is no line at which we can stop and say with confidence that thus far we may go with safety and propriety, but no further. Every honest employment is honorable; it is beneficial to the public; it deserves encouragement. The more successful we can make it, the more does it generally subserve the public good. But it is not the business

of the State to make discriminations in favor of one class against another, or in favor of one employment against another. The State can have no favorites. Its business is to protect the industry of all, and to give all the benefit of equal laws."

This reasoning was approved by this court in *Michigan Sugar Co.* v. *Auditor General*, 124 Mich. 677; and in accordance therewith an act giving a bounty for the manufacture of beet sugar was adjudged unconstitutional. We think that decision rules this case and that the law under consideration is unconstitutional.

The mandamus is denied.